UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD LARSON,<br><br>                Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:17-cv-00050-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Second Amended Petition for Writ of Habeas Corpus filed by Idaho prisoner Richard Larson ("Petitioner"), challenging Petitioner's state court convictions of aggravated assault. *Dkt. 15.* Respondent has filed a Motion for Partial Summary Dismissal, arguing that all the claims in the Second Amended Petition—with the exception of Claim 7—are subject to dismissal as procedurally defaulted or noncognizable. *Dkt. 22.*

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *See Dkt. 23*; Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Partial Summary Dismissal and dismissing Claims 1, 2, 3, 4, 5, 6, 8, 9, 10, and 11 with prejudice.

## BACKGROUND

Following a jury trial in the First Judicial District Court in Bonner County, Idaho, Petitioner was convicted of two counts of aggravated assault "for threatening his ex-girlfriend with a firearm and threatening or attempting to shoot her new boyfriend." *State's Lodging B-8* at 1. On direct appeal, Petitioner argued (1) that the trial court should not have permitted Detective Johnston to testify as an expert under Idaho Rule of Evidence 702, and (2) that the prosecutor committed misconduct by misstating the law in closing argument as to the intent required to commit aggravated assault. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-8, B-14, B-15*.

Petitioner filed a state post-conviction petition raising several claims, including ineffective assistance of counsel and additional assertions of prosecutorial misconduct. *State's Lodging C-1* at 3-32. The state district court dismissed the petition as untimely, holding that Petitioner—having initially placed an incorrect mailing address on the petition—was not entitled to the benefit of the prison mailbox rule. *Id.* at 93-97.

Petitioner appealed the dismissal of his post-conviction petition, arguing that the mailbox rule did apply and that the petition was therefore timely. *State's Lodging D-1*. Petitioner did not substantively argue the federal claims that he had asserted in the post-conviction petition. The Idaho Court of Appeals affirmed the district court's conclusion that the petition was untimely, and the Idaho Supreme Court denied review. *State's Lodging D-4, D-7*.

Petitioner filed his federal habeas corpus petition in this Court in January 2017. The case was stayed for a time and then reopened, and Petitioner ultimately filed his Second Amended Petition. *See Dkt. 15.* The Court has construed the Second Amended Petition as asserting eleven claims, including numerous sub-claims:

> In Claim 1 of the proposed second amended petition, Petitioner contends that the evidence was insufficient to support his convictions in light of perjured testimony, prosecutorial misconduct, improper expert testimony, and ineffective assistance of counsel.
>
> Claim 2 alleges that Petitioner's trial counsel rendered ineffective assistance in violation of the Sixth Amendment. Claim 2 has fifteen sub-claims: failure to consult with Petitioner (Claim 2.1); failure to allow Petitioner to participate in his defense (Claim 2.2); failure to adequately investigate police reports, witnesses, and "evidence inculpatory (or) exculpatory" (Claim 2.3); failure to file a motion to dismiss based on insufficient evidence (Claim 2.4); failure to retain experts in crime scene reenactment and ballistics (Claim 2.5); failure to challenge a juror (Claim 2.6); failure to investigate and prepare character witnesses (Claim 2.7); failure to introduce "positive letters" that were written on Petitioner's behalf (Claim 2.8); failure to present a self-defense argument (Claim 2.9); failure to request a jury instruction on self-defense (Claim 2.10); failure to adequately cross-examine witnesses (Claim 2.11); failure to prepare for trial (Claim 2.12); failure to present an adequate closing argument "on self-defense and noise level and [occurrence] of the gun shots" (Claim 2.13); failure to "secure a new and updated psychological evaluation to refute the previously-obtained erroneous evaluation" (Claim 2.14); and failure to present mitigating evidence or argument at sentencing (Claim 2.15).
>
> In Claim 3, Petitioner asserts that the prosecutor committed misconduct, and engaged in malicious prosecution, by filing charges that were without "substantial evidence" and were "based on false and perjured testimony." He also states the

prosecutor did not "take into account" the statement of a reliable witness, as to the order of the gunshots.

Claim 4 alleges that Petitioner's direct appeal counsel rendered ineffective assistance by failing to raise a sufficiency of the evidence argument on appeal, instead choosing "to challenge two significantly weaker claims."

In Claim 5, Petitioner asserts that the trial court erred in three ways [with respect to the testimony of Detective Lehman]. Claim 5.1 complains that the court (a) allowed "altered, fabricated and inadmissible evidence and testimony" by a detective and (b) admitted Exhibit 26. Claim 5.2 states that the trial court failed to give a curative jury instruction to disregard that evidence and testimony. Claim 5.3 alleges that the trial court should have granted a mistrial.

Claim 6 asserts that the trial court erred "by allowing Detective Johnston to testify as a ballistics expert."

Claims 7, 8, and 9 all allege prosecutorial misconduct. Claim 7 challenges the prosecutor's closing argument. Claim 8 challenges the prosecutor's introduction of Exhibit 26 through the testimony of Detective Lehman. And Claim 9 challenges the prosecutor's presentation of an expert witness without providing the defense with adequate notice and disclosures.

Claim 10 alleges that Petitioner's trial counsel rendered ineffective assistance in the following ways: failing to advise Petitioner of his Fifth Amendment right to be free from self-incrimination with respect to a presentence investigation and psychological evaluation (Claim 10.1); advising Petitioner to waive his right to a preliminary hearing (Claim 10.2); failing to adequately investigate police reports, evidence, and expert qualifications, and failing to move for a mistrial (Claim 10.3); and coercing Petitioner to testify at trial (Claim 10.4).

Claim 11 alleges that the Idaho post-conviction courts erred in dismissing, as untimely, Petitioner's application for state post-conviction relief.

*Dkt. 16* at 2-4 (internal citations omitted). Petitioner has not objected to the Court's

construction of these claims.

The Court previously reviewed the Second Amended Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id.* at 4 (footnote omitted).

For the reasons set forth below, the Court concludes that all of Petitioner's claims, except for Claim 7, are procedurally defaulted without legal excuse.

## DISCUSSION

**1.     Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**2.     Claims 1, 2, 3, 4, 5, 6, 8, 9, 10, and 11 Are Procedurally Defaulted, and Petitioner Has Not Established an Excuse for the Default**

   *A.     Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's

established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state-law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). A petitioner who has asserted a claim in state court based only on state law has not properly exhausted a similar federal claim, even if the factual basis of the claims is the same. And general references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include the following: (1) when a petitioner has

completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted).

### B. *Claims 1, 2, 3, 4, 5, 6, 8, 9, 10, and 11 Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal habeas claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal, Petitioner argued that Detective Johnston was improperly permitted to

MEMORANDUM DECISION AND ORDER - 7

testify as an expert witness and that the prosecutor committed misconduct by misstating the law in closing argument. The latter claim is asserted as Claim 7, which was properly exhausted.

The former claim, regarding Detective Johnston, is similar to Claim 6 of the Second Amended Petition. However, Petitioner raised the claim in state court only as a state-law claim—a claim that Rule 702 of the Idaho Rules of Evidence prohibited Detective Johnston's testimony. *State's Lodging B-1, B-13*. In contrast, Petitioner bases Claim 6 on the Fifth and Fourteenth Amendments to the United States Constitution—a claim that he did *not* argue to the Idaho appellate courts.[1] *See Dkt. 15* at 15. Thus, Claim 6 was not fairly presented on direct appeal. *See Duncan*, 513 U.S. at 366 (holding that a due process claim was not properly exhausted because "Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment."). Claim 7 was the only claim properly exhausted in that appeal.

On appeal from the dismissal of his post-conviction petition, Petitioner argued that his petition was timely under state law. He did not substantively argue his federal claims in that appeal. In any event, Idaho's one-year statute of limitation for filing a state post-conviction petition is an adequate and independent state procedural rule, as is the rule that the prison mailbox rule does not apply if the mailing was incorrectly addressed. These procedural grounds were firmly established and consistently applied at the time of

---

[1] To the extent Claim 6 is based on Idaho Rule of Evidence 702, it is not cognizable. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Petitioner's default in 2016. *See* Idaho Code § 19-4902(a) ("An application [for post-conviction relief] may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."); *Kriebel v. State*, 219 P.3d 1204, 1206 (Idaho Ct. App. 2009) ("[T]he failure to file a timely petition for post-conviction relief is a basis for dismissal of the petition."); *Norman v. State*, No. 37939, 2011 WL 11067211, at *2 (Idaho Ct. App. Dec. 23, 2011) (unpublished) ("The mailbox rule does not apply in this case because the reason the notice was not delivered was that Norman failed to address it properly and not because some other factor, such as the prison mail system, interfered."). As a result, Petitioner's post-conviction appeal did not serve to fairly present any of his current habeas claims to the state appellate court.

Therefore, all of Petitioner's claims, except for Claim 7, are procedurally defaulted.[2] However, that conclusion does not end the inquiry. If a claim is procedurally defaulted, a federal district court still can hear the merits of the claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence.[3] *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

---

[2] In addition to being procedurally defaulted, Claim 11—which alleges that the state courts erred in finding his post-conviction petition to be untimely—is not cognizable. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) (holding that claims of error during state post-conviction proceedings are not subject to federal habeas review).

[3] Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

In Petitioner's Motion to Proceed without Further Argument, which the Court previously granted in part, he does not expressly argue that he is excused from default, but he does contend that "previous counsels [sic] failures were deficient in performance as it allowed and [sic] actual[ly] innocent or legal[ly] innocent man to be prejudiced and found guilty for a crime for which he is not." *Dkt. 26* at 3. The Court will construe this statement as asserting both cause and prejudice and actual innocence as excuses for the procedural default.

### C.   Cause and Prejudice

To show "cause" for a default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel ("IAC") may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state

appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Because there is no federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, a petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims, and it can apply only if the underlying IATC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-CV-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not fundamentally altered from claims decided on the merits in state court proceedings and, therefore, were not procedurally defaulted).

The *Martinez* cause-and-prejudice test consists of four necessary prongs: (1) the underlying IATC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

Petitioner's statement that his counsel's performance was deficient is too vague and generalized to support a conclusion that such performance constitutes cause to excuse

the procedural default of Claims 1 through 6 and 8 through 11. Thus, Petitioner has not established cause and prejudice.

### D. Actual Innocence

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 496. That standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks

omitted). Indeed, cases where the *Schlup* standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013).

A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted). And although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Petitioner has not brought forth any new, reliable evidence that he is actually innocent. Therefore, he has not established that he is excused from default.

## CONCLUSION

For the foregoing reasons, all of Petitioner's claims except Claim 7 are procedurally defaulted, and no legal excuse for the default exists. Therefore, those claims will be dismissed with prejudice.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 22) is GRANTED. Claims 1, 2, 3, 4, 5, 6, 8, 9, 10, and 11 of the Second Amended Petition, including all associated sub-claims, are DISMISSED with prejudice.

2. Respondent must file an answer to the remaining claim (Claim 7) within 60 days of the date of this Order. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of Petitioner's reply. At that point, the case will be deemed ready for a final decision.

DATED: June 5, 2019

David C. Nye
Chief U.S. District Court Judge